**UNITED STATES v. CLARK.**

Cr. No. 13404.

United States District Court
W. D. Pennsylvania.

June 26, 1952.

Phillip Carr, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

614

H. Clifton McWilliams, Jr., Johnstown, Pa., for defendant.

STEWART, District Judge.

Defendant is charged with having evaded and refused service in the Armed Forces of the United States in violation of the Selective Service Act of 1948, as amended, 50 U.S.C.A. Appendix, § 451 et seq. A trial was held before this Court sitting without a jury.

Neither side has requested special findings under Rule 23(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. We believe it is desirable, however, to set forth our reasons for concluding that the defendant is not guilty.

The pertinent facts, most of which are not in dispute, are as follows: Defendant registered on September 27, 1948 and made no claim for exemption as a conscientious objector. He was classified 1–A on April 6, 1949 and notice of classification was mailed to him on April 7, 1949. No appeal was taken from this classification. However, during the early part of January, 1951, defendant requested and received a SSS Form 150 from his local draft board, and, upon completing it, filed it with the board. Form SSS 150 is prescribed under the Selective Service System for use of registrants in submitting claims for exemption as conscientious objectors. A hearing on defendant's claim was held before the local board on January 24, 1951, and on January 25, 1951, a letter was mailed to the defendant notifying him of the board's refusal to reopen his classification.

On January 29, 1951, defendant mailed to the board a request for appeal from their ruling on his claim. This notice was received by the board on February 3, 1951. Prior thereto, on February 2, 1951, the board mailed a notice to the defendant to report for induction. Subsequently, pursuant to defendant's request, he was transferred from Local Board 37, Dundalk, Maryland, to Local Board 27, Bedford, Pennsylvania. Local Board 27 in Bedford, Pennsylvania, on March 9, 1951, mailed notice to defendant to report for induction on March 22, 1951. Defendant reported but refused to be inducted.

The sole question for our determination is whether the fact that the defendant was not given an appeal from the determination of the local board upon his claim for exemption makes the original order for induction and the subsequent order for induction after transfer invalid. Although the letter notifying the defendant of the board's action stated merely that the evidence presented did not warrant the reopening of his classification, it was, in effect, notice that the board refused to grant his claim for exemption.

Section 6(j) of the Selective Service Act of 1948, 50 U.S.C.A. Appendix, § 456(j), provides:

"Nothing contained in this title shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. * * * Any person claiming exemption from combatant training and service because of such conscientious objections shall, if such claim is not sustained by the local board, be entitled to an appeal to the appropriate appeal board. * * *"

The section prescribes a procedure to be followed by the Appeal Board, provides for an inquiry and recommendation after hearing by the Department of Justice, and gives a right of appeal to "any person claiming exemption" as a conscientious objector "if such claim is not sustained by the local board". This section does not indicate any restrictions or limitations on the right of appeal, and we think that under the facts of this case, the defendant was entitled to an appeal from the decision of the local board refusing to grant his claim for exemption as a conscientious objector.

The Government argues that the regulations promulgated pursuant to § 10 of the Selective Service Act of 1948, as amended, give no right of appeal in a situation such as that presented in this case, but admits that defendant would have had the right of appeal if the claim had been considered and refused at the time of the initial classifica-

tion or if the board had agreed to a reopening of the classification and then, considering new facts presented in support of the claim for exemption, had again classified the defendant as 1–A.

Although the regulations, literally construed, tend to support this position, we think that a right of appeal does exist in this case. An Act of Congress creates that right without any express limitation, and it seems unreasonable to hold that Congress intended the right of appeal to exist only where the claim for exemption as a conscientious objector was considered at the time of the initial classification. This would be the result in effect if we accept the Government's contention. The right of appeal would exist only in cases where the claim is considered at the time of the initial classification; in all other instances the local board would be able to determine whether a claimant should have an appeal merely by framing its order as a refusal to reopen the original classification rather than an order granting a reopening of the classification on which a hearing would be held and the right of appeal from an adverse determination granted. The defendant in his testimony during the trial of this case admitted that he did not have this conviction until some time after his classification. If Congress had intended that the right of appeal from the refusal of a claim for exemption based on conscientious objections to military service should be granted only to those persons who had the conviction at the time of the registration and initial classification, it would have been a simple matter to so provide in the statute.

Furthermore, we think that defendant was entitled to an appeal under the regulations. Regardless of the terminology used by the board in drafting the notice of January 25, 1951, we think that the hearing granted to defendant was equivalent to a reopening of his classification, giving defendant a right of appeal under regulation 1625.-13 of Title 32 of the Code of Federal Regulations. Under Regulation 1626.2(c)(1), any registrant must file a written notice of appeal within 10 days from the date the local board mails notice to him of its action on his classification. Defendant filed his request for appeal within this period.

We conclude, therefore, that the initial order for induction and the subsequent one based thereon were invalid. Accordingly, we find the defendant not guilty.