## UNITED STATES v. BENDER.

### No. 10939.

United States Court of Appeals
Third Circuit.

Argued June 19, 1953.

Decided July 21, 1953.

William Allen Rahill, Philadelphia, Pa. (Elvin R. Souder, Souderton, Pa., on the brief), for appellant.

Richard H. Warren, Asst. U. S. Atty., Scranton, Pa. (Arthur A. Maguire, U. S. Atty., Charles W. Kalp, Asst. U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant was convicted of refusing to submit to induction into the armed forces of the United States.

In September, 1949, he filed his Selective Service classification questionnaire. He did not fill out or sign Series XIV of that document which was for the use of registrants asserting conscientious objector exemption. He stated in the questionnaire that in his opinion he should be classified as I–A. He was so classified December 13, 1949, and was notified of this by his local board on December 20, 1949. On January 19, 1951, the order to report for physical examination was mailed to him. Three days later he filed with the board a completed Selective Service Conscientious Objector Form. Registrant apparently signed claims, which appear on that form, for exemption from combatant service alone as well as from both combatant and non-combatant service. There seems to have been an effort to erase registrant's signature from Series 1(A) which asks exemption from combatant service only. We find no explanation of this in the record. The registrant is instructed on the form to sign one of the claims but not both and to strike out the statement in the series which he does not sign. On January 31, 1951, he was continued in classification

I-A by the board. On February 13, 1951, appellant wrote the board saying that since it "* * * did not see fit to reclassify me as a conscientious objector and since I have passed my physical examination I am hereby appealing to you to forward to the Board of Appeal my request for a IV-E classification." On February 28, 1951, the board wrote appellant saying: "At a meeting of Local Board 118 today, your case was brought up 'for discussion and vote. The Board felt that, even though new facts have been presented to the Board, these do not justify a change in your classification. The Board feels that the information, though true, does not warrant the reopening of your classification. Therefore your classification will continue in I-A as before. * * * P.S. Appeals can be made only within ten days after your first classification."

On March 28, 1951, an appeal was taken on behalf of registrant under Section 1626.2 of the Regulations by the Government appeal agent for the local board. Registrant's file was forwarded to the appeal board for the State of Pennsylvania by the local board with the following letter which was signed by Dorothy E. Shope who was the secretary of the local board: "We herewith submit the file of the above registrant who claims to be a Conscientious Objector, and is appealing his I-A classification. You will note that when the registrant filed his questionnaire he did not request SSS Form No. 150. ·On January 22, 1951, Rev. J. Roy Asper came to this office with Richard Earl Bender and filed the SSS Form No. 150. This form was not requested from our Board. The members of this Local Board are very strongly opposed to a IV-E Classification for this registrant. The family background is well known by them and is of such a nature as would not warrant a Conscientious Objector classification." Miss Shope was a trial witness. She testified that after appellant had filed his conscientious objector form the board decided not to change his I-A classification. That decision, according to Miss Shope, was based partly upon the knowledge and information (outside of the information in appellant's file) members of the board possessed concerning appellant's family.

Under Section 6(j) of the Selective Service Act of 1948, 50 U.S.C.A.Appendix, § 456(j), appellant's claim of conscientious objection was forwarded to the Department of Justice by the appeal board. After the appropriate statutory inquiry by the Federal Bureau of Investigation a hearing was held with respect to the character and good faith of appellant's objection. Following that the hearing officer found "* * * that registrant has not met the burden of proving beyond a reasonable doubt, that his claim for classification as a conscientious objector is based upon that religious training and belief required by the Selective Service Act."

Though registrant's conscientious objector form had not been obtained from his local board and the practice with reference to the time and method of its filing had been completely disregarded, the board after receiving it reexamined the case in order to determine whether the claim necessitated the reopening of appellant's classification. In doing this the board unquestionably considered the filing of the form as a request from registrant to reopen and reconsider his I-A classification. The board's action was in accord with the high principles of the Selective Service Act itself and of the hard-working, vitally important and far too little praised local boards. Under Regulation 1625.4 if "* * * the local board is of the opinion that such facts if true would not justify a change in such registrant's classification it shall not reopen registrant's classification." The board, having arrived at the above quoted conclusion, notified the registrant as the regulation directed and placed a copy of the letter in registrant's file. Cf. United States v. Zieber, 3 Cir., 1947, 161 F.2d 90, certiorari denied 333 U.S. 827, 68 S.Ct. 454, 92 L.Ed. 1112.

If there were nothing else involved in this appeal than the above situation the classification determined by the Board would be upheld as having substantial basis in fact and not being arbitrary or capricious. Estep v. United States, 327 U.S. 114,

66 S.Ct. 423, 90 L.Ed. 567. Registrant's testimony that he possessed the identical conscientious objection at the time he filled out his original questionnaire as when he executed Form 150 furnished ample support for the board's decision. In his Form 100 registrant stated that he should be classified as 1–A and did not make assertion of conscientious objection in the plainly indicated section covering that sort of contention. It was not until one year and four months later, and then within four days after the Notice of Physical Examination had been mailed to him, that registrant for the first time advised the board of his claim. Cf. Imboden v. United States, 6 Cir., 1952, 194 F.2d 508, 512, certiorari denied 343 U. S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357.

A registrant might possibly become a bona fide conscientious objector after his original Form 100 had been filed and prior to induction, but that is not the problem confronting us. This appellant allegedly had the same scruples when he executed his initial questionnaire as later when he submitted his Form 150. It was the board's duty to pass on the question of which was the believable evidence and upon the soundness of the objection. Cf. United States v. Clark, D.C.W.D.Pa.1952, 105 F.Supp. 613 and United States ex rel. Hull v. Stalter, 7 Cir., 1945, 151 F.2d 633.

If registrant's classification had been reopened he would have had the same right to personal appearance before the board as on his original classification. Regulation 1625.12. With reopening denied he was not entitled to that additional appearance. Much is said about his right to appeal but that question is academic here for not only was an appeal taken for him to the state board through the local board's appeal agent but he was thereafter granted an appeal to the President by the Director of Selective Service.[1]

It is also argued that the board dealt arbitrarily with a request for the ministerial classification of appellant.

On June 4, 1952, following the decision in the appeal to the President, notice of classification was mailed registrant. On July 7, 1952, just three weeks before he was ordered to report for induction, the board received a letter from the president of Messiah College saying that Bender had been accepted as a student in the theological department of the college "and plans to enter a full time ministerial training program September 3, 1952. * * * We are therefore requesting for Richard Earl Bender the ministerial candidate classification or 4D." The board took no action on the letter and thereby, according to registrant, violated Regulation 1625.4.

The regulation outlines the method a local board must follow where it refuses to reopen and consider anew a classification. It states that where "the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment" is rejected under the circumstances outlined in the regulation, the board must notify the person filing the request of its decision. Appellant's theory is that the board should have passed upon the request and advised the college of its determination. This cannot be inferred from the regulation and we have not been referred to or ourselves found any supporting decision. The request, such as it was, did not come from any of the sources

---

1. In this connection it should be noted that while the regulations do provide that appeal be taken within ten days of classification, as mentioned by the board in its letter to registrant above quoted (Regulation 1626.2), the conscientious objection application for exemption before us was made long after the original classification. Conscientious objectors are allowed an appeal under Section 6(j) of the Act where the "* * * claim is not sustained by the local board." With the se-

rious defects in this claim waived by the board when it was accepted for consideration, in our view the board's decision that it did not present new facts warranting reclassification brought registrant within the appellate right given by Section 6(j). Cf. United States v. Clark, supra. The appeals actually allowed registrant eliminated any possible substantial harm as the result of the board's failure to refer to the special appeal granted conscientious objectors.

specified by the regulation. Occupational deferment was the only possible category under which the letter might qualify and there was no request on file from the president individually or the college "for the current deferment of the registrant in a case involving occupational deferment" as called for by the regulation.

However, there is another element which contributed to the board's decision denying appellant's claim under Form 150 and which destroys its validity. Miss Shope, the secretary of the board, was a government witness at the district court trial. On cross examination she was asked what information the board had before it at the time it rejected the claim. She answered: "Well, they considered the information on the Form 150, and I think the family is well known to all of the Board members, and they felt the information did not justify a change in classification." She was next asked, "Was that decision based partly upon the knowledge and information that members had about the family outside of the information in the folder?" To that question she answered, "Yes." Her testimony was not contradicted, modified or explained. Her earlier letter on the same topic standing alone might have been of minor importance. Coupled with the above evidence the conclusion is inevitable that she spoke for the board and that the latter's ruling was founded in part upon information concerning registrant and his family not contained in his file. Regulation 1623.1 prohibits this. It provides that "The registrant's classification shall be determined solely on the basis of the official forms of the Selective Service System and such other written information as may be contained in his file. * . * * Under no circumstances shall the local board rely upon information received by a member personally unless such information is reduced to writing and placed in the registrant's file." Regulation 1626.13 dealing with appeals is to the same general effect. And see United States v. Zieber, supra, and Smith v. United States, 4 Cir., 1946, 157 F. 2d 176, certiorari denied 329 U.S. 776, 67 · S.Ct. 189, 91 L.Ed. 666. The letter signed by Miss Shope was not part of registrant's file and in any event cannot reasonably be construed as satisfying the mandate of the regulation to summarize in writing what she agreed in her testimony was " * * * the knowledge and information that members [of the board] had about the family outside of the information in the folder."

The hearing officer's report is also attacked on several grounds of which one is meritorious. According to the report the hearing officer required registrant to establish his exemption under the Act beyond a reasonable doubt. It is true that in the adaptation of the language of the day to day business of the courts to the radically different administrative procedure of the Selective Service System terms and standards may lose their ordinary connotation. Cf. Ex parte Stanziale, 3 Cir., 1943, 138 F. 2d 312, 314, certiorari denied Stanziale v. Paullin, 320 U.S. 797, 64 S.Ct. 267, 88 L. Ed. 481. With that in mind it may be that in this matter the hearing officer did not intend registrant to be put to the same test in his proofs as in a criminal proceeding, but we must take the rule pronounced at its face value. So construed, it placed too high a burden on appellant. Registrant was obliged to show clearly his exemption under the statute, but no more than that. Cf. United States ex rel. Bodenstein v. Nichols, 3 Cir., 1945, 151 F.2d 155.

The judgment of the district court will be reversed.