## UNITED STATES v. FAIR.
### Cr. No. 12404.

United States District Court
M. D. Pennsylvania.
July 14, 1954.

J. Julius Levy, Scranton, Pa., U. S. Atty., Stephan A. Teller, Wilkes-Barre, Pa., and Roger A. Woltjen, Asst. U. S. Attys., Milford, Pa., for plaintiff.

Clair Groover, Mifflinburg, Pa., for defendant.

FOLLMER, District Judge.

Defendant, Richard Howard Fair, has been indicted for refusal to be inducted into the armed services of the United States in violation of Title 50 U.S.C.A. Appendix, § 462. Defendant entered a plea of Not Guilty and waived his right to trial by jury. The case was accordingly tried to the Court without a jury.

At the trial the Government produced the file of Local Board No. 31, Reading, Pennsylvania, being its complete file in relation to this defendant. An examination of the file reveals that defendant prepared the Selective Service System Classification Questionnaire, which was received by his local board on March 12, 1952. The questionnaire was returned for completion and thereafter received and filed by the Board on March 17, 1952. In the questionnaire defendant stated that he was a minister of religion of the Jehovah's Witnesses Sect and had been such since April 10, 1946, and that he was regularly serving as a minister. The spaces concerning ordination, ministerial student and theological school were all left blank. He stated that he was then and had been since August 25, 1951, employed as a platform hand, loading and unloading trailers, working forty hours per week at an hourly wage of $1.32½. He furthermore stated, "In view of the facts set forth in this questionnaire it is my opinion that my classification should be Class IV–D or IV–E." Finally, he stated that by reason of religious training and belief, he was conscientiously opposed to participation in war in any form and requested the local board to furnish him a special form for Conscientious Objector (SSS Form No. 150) which he was to complete and return to the local board for its consideration.

On March 17, 1952, the Board received SSS Form No. 150 unsigned on the first page under "Claim for Exemption". In this form defendant stated, under Series II, 3., "I get my belief and training from home bible studies, public meeting, Theocratic Ministry School, Watchtower studies, and Service meetings, which are conducted by ministers like myself.", and under 6., "I attend the Watchtower Studies, Service meetings, Public meetings, Company Bible studies, give Public Bible talks and also go from house to house preaching and teaching the people who have a hearing ear toward Jehovah God's good news."

As to the extent of his public expression he stated, under 7., "Yes I have given public expression. One on Feb. 17, 1952 and another I will be giving on March 23, 1952, at our local Kingdom Hall at 12 North fourth Street." He gave the name of Edward F. Finkbeiner, Company Servant, as the pastor or leader of his group. He signed the registrant's certificate on the last page. With the SSS Form No. 150 defendant submitted a written statement captioned "The answer to question (d) & (e)", and which obviously referred to the questions asking for the name of his church leader and for a description of the creed or official statements of his sect in relation to participation in war. This statement covered nearly seven sheets of paper in which by copious scriptural quotations he attempted to justify his "simple ordination by public immersion."; his divinely appointed obligation to the "70,000,000" unchurched people in the United States; his obligation to "fight with weapons which are not carnal, these are the mouth, the faculty of reason, the process of logic and the law of the land."

On April 10, 1952, defendant was classified I–A and was so notified by the Board April 11, 1952, on SSS Form 110.

On April 15, 1952, the Board received a letter from defendant appealing from the I–A classification, stating inter alia, "I am appealing for the classification of Minister or Conscientious objector." On that same date the Board wrote to defendant acknowledging the receipt of his letter of appeal and advising him that since he had not indicated by his signature on SSS Form No. 150 that he was a Conscientious Objector the Board

had not considered him for a I–O classification, that if he desired a I–O classification he should stop at the office of the Board and affix his signature to Form 150. Defendant did not appear and accordingly on April 21, 1952, the file was forwarded by the Local Board to the Appeal Board. Defendant never requested a personal appearance before the Local Board.

On June 25, 1952, the Appeal Board, having concluded that he was not entitled to a classification lower than I–O or to a classification of I–O, forwarded the file to the Department of Justice for an advisory recommendation. Subsequently he was accorded a hearing before Hon. Curtis Bok, Hearing Officer, who recommended that he be classified I–O.

Under date of March 27, 1953, the Special Assistant to the Attorney General forwarded to the Appeal Board his advisory recommendation. This paper, while stating that although the F.B.I. report established for defendant a good reputation and affiliation with the Jehovah's Witnesses for a number of years; that two fellow employees believed him to be sincere and of good faith in his religious beliefs; that he had answered all questions without hesitation and with conviction; that he appeared to be a sincere and devoted Jehovah's Witness; nevertheless stated "his acceptance of the principle of theocratic warfare clearly removes him from the purview of the Universal Military Training and Service Act which requires opposition to participation in 'war in any form' if one is to be exempt from combatant duty." It further indicated that the defendant's objections to combatant and noncombatant service were not sustained and accordingly recommended that the claim for exemption from both combatant and noncombatant training and service be not sustained.

The recommendations of the Department were reviewed by the Appeal Board April 9, 1953, and on that date, on recommendation, the registrant was classified I–A. Thereafter, on June 3, 1953, defendant refused to be inducted. He was indicted and the present trial resulted.

The Government takes the position that defendant having failed to request a personal appearance before his local board, failed to exhaust his administrative remedies and thereby waived his right in this trial to attack the validity of the classification given him by the Selective Service System.

In his questionnaire defendant requested a IV–D (ministerial) or IV–E (conscientious objector opposed to both combatant and noncombatant military service). The questionnaire was filed with the Local Board March 12, 1952.

32 C.F.R. Part 1622 originally carried, inter alia, the following classifications:

| | |
|---|---|
| Class I–A: | Available for military service. |
| Class I–A–O: | Conscientious objector available for noncombatant military service. |
| Class IV–D: | Minister of religion or divinity student. |
| Class IV–E: | Conscientious objector opposed to both combatant and noncombatant training and service. |

Part 1622 was changed in its entirety by Executive Order No. 10292, U.S.Code Congressional and Administrative Service 1951, page 1098, dated September 25, 1951. Under the changing order Class I–A remained the same. Class I–A–O remained the same with the exception of the addition at the end of the word "only". Class IV–D remained the same. Class IV–E was dropped and in lieu thereof a new class was inserted, namely, Class I–O: Conscientious objector available for civilian work contributing to the maintenance of the national health, safety, or interest.

Regulation IV–E was not in existence at the time the questionnaire was filed, and it is true the registrant did not formally sign a claim for exemption on SSS Form No. 150. On the other hand the Board was advised of the opinion of the registrant that he was entitled to a deferment as a conscientious objector.

As we indicated in U. S. v. Hertzog, D.C., 122 F.Supp. 632, our function here is not to weigh the evidence to de-

termine whether the classification made by the Local Board was justified but rather to ascertain if there is no basis in fact for the classification given defendant,[1] and to search the record for some affirmative evidence to support the Local Board's overt or implicit finding that a registrant has not painted a complete or accurate picture of his activities.[2]

■ The undisputed evidence in this case clearly indicates that the defendant is a bona fide member of the sect known as "Jehovah's Witnesses" and because of his belief in the teachings of that sect is conscientiously opposed to military service. The printed portion of the questionnaire under the caption "Registrant's Statement Regarding Classification" reads in part as follows:

"Instructions.—It is optional with registrant whether or not he completes this statement, and failure to answer shall not constitute a waiver of claim to deferred or other status. *The local board is charged by law to determine the classification of the registrant on the basis of the facts before it, which will be taken fully into consideration regardless of whether or not this statement is completed.*" (Emphasis supplied.)

The registrant inserts "IV–D or IV–E" as his opinion of his entitled classification. The Hearing Officer concluded that he was opposed to military training and accordingly recommended a I–O classification, which is "Conscientious objector available for civilian work contributing to the maintenance of the national health, safety, or interest."

■ The Department of Justice based its recommendation that defendant's claim for exemption from combatant duty be denied in its entirety on his acceptance of the principles of theocratic warfare; that since he approved of, and apparently would participate in, theocratic wars, he was not opposed to "participation in war in any form" thus construing "war in any form" to include theocratic wars. This construction has been held unreasonable and untenable and must be rejected.[3]

■ A careful examination of the record in this case, in the light of the directives of the Estep and Dickinson opinions, points unmistakenly to the conclusion that the Appeal Board had no evidence before it to support the classification of defendant in Class I–A. Therefore, since there is no basis in fact for the I–A classification which was given defendant, the order to report for induction being a nullity, defendant was guilty of no offense in refusing to submit to induction.

Having searched the record for some affirmative evidence to support the Local Board's overt or implicit finding that defendant has not painted a complete or accurate picture of his activities, none has been found.

In the light of the conclusion reached, it becomes unnecessary to consider whether the failure of registrant to formally file a claim for exemption as a Conscientious Objector on SSS Form 150 would deprive him of consideration for that classification in the face of the clear statement in the questionnaire of the duty of the Board under the law to determine the classification on the basis of the facts before it, or what the net result would have been had the Board classified him I–A–O or had followed the suggestion of the Hearing Officer and classified him I–O.

Defendant's motion for judgment of acquittal will be granted.

1. Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567.

2. Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152.

3. Taffs v. United States, 8 Cir., 208 F.2d 329, 331; United States v. Hartman, 2 Cir., 209 F.2d 366, 368.