**UNITED STATES v. BORTLIK.**
Cr. No. 12401.

United States District Court
Middle District Pennsylvania.
July 28, 1954.

See, also, D.C., 119 F.Supp. 425.

J. Julius Levy, U. S. Atty., Scranton, Pa., Stephen A. Teller, Asst. U. S. Atty., Wilkes-Barre, Pa., for plaintiff.

Hayden C. Covington, Brooklyn, N. Y., Maxwell H. Cohen, Stroudsburg, Pa., for defendant.

WATSON, Chief Judge.

The defendant, Stephen Frank Bortlik, is a Jehovah's Witness who claimed exemption from military service as a conscientious objector on religious grounds and as a minister. He was finally denied such exemption, classified I–A, and ordered to report for induction. He did so report but refused to take the symbolic one step forward when ordered to do so. Because of this refusal, the defendant was indicted for unlawfully, knowingly and wilfully refusing to submit to induction into the armed forces of the United States in violation of Section 462 of Title 50, United States Code Appendix.

The defendant pleaded "not guilty", and was tried before the Court without a jury, trial by jury having been waived. At the close of the defendant's case, the defendant moved for a judgment of acquittal.

The defendant properly filled out his "Classification Questionnaire" and re-

turned it to his local board. He stated therein that he was a minister of the Watchtower Society, and that he had been formally ordained on August 27, 1949, at Baltimore, Maryland. He requested that he be classified in Class IV-D, claiming exemption as a duly ordained minister of religion under Section 6(g) of Title I of the Selective Service Act of 1948.[1] In addition to his request for exemption as a minister, he stated in the questionnaire that, by reason of religious training and belief, he was conscientiously opposed to participation in war in any form, and requested the local board to furnish him with a conscientious objector form.

Thereupon, the local board mailed to defendant a "Special Form for Conscientious Objector", which he filled out and returned. Defendant stated therein that, by reason of his religious training and belief, he was conscientiously opposed to participation in war in any form, and that he was further conscientiously opposed to participation in noncombatant training or service in the armed forces. He claimed complete exemption under Section 6(j) of Title I of the Selective Service Act of 1948 as a conscientious objector opposed to participation in both combatant and noncombatant training and service in the armed forces.

On March 27, 1951, the local board denied defendant's claim for exemption as a duly ordained minister and classified him I-A-O. This classification made him eligible for military training and service as a noncombatant. On April 6, 1951, the defendant wrote to the local board stating that he desired to appeal the I-A-O classification and make an appearance before the local board. Defendant was notified to appear before the local board, and a hearing was held on April 24, 1951. After a review of the defendant's file and the information submitted by the defendant at the hearing, the local board unanimously classified the defendant I-A-O. On May 9, 1951,

defendant wrote to the local board stating that he desired to appeal the I-A-O classification. On October 25, 1951, the local board forwarded defendant's file to the state appeal board. Thereafter, on November 5, 1951, the appeal board referred the case to the Department of Justice for an inquiry and hearing and for a recommendation by the Department. Following an investigation by agents of the Federal Bureau of Investigation, a hearing was held on December 26, 1952, at Harrisburg, Pennsylvania, by Henry E. Harner, a hearing officer for the Middle District of Pennsylvania, at which defendant appeared in person accompanied by one Fred N. Severud, a friend and fellow Jehovah's Witness who later testified on his behalf at the trial. After hearing the defendant and considering the report of the Federal Bureau of Investigation, the hearing officer concluded that defendant was by reason of religious training and belief entitled to conscientious objector status. He, therefore, recommended a I-O classification. However, the Special Assistant Attorney General, in reviewing defendant's file noted that the defendant accepted the principle of theocratic warfare and such acceptance removed him from the purview of the Universal Military Training and Service Act, which requires opposition to participation in "war in any form", if an individual is to merit exemption from combatant duty. On this basis, the Special Assistant Attorney General was of the opinion that the defendant was not opposed to participation in war in any form and therefore advised that his claim for exemption from both combatant and noncombatant training and service be rejected. His recommendation was accepted by the state appeal board and the local board and defendant was classified I-A and was ordered to report for induction.

His induction scheduled for April 28, 1953 was postponed by order of the state

1. 62 Stat. 604, 611; 50 U.S.C.A.Appendix, § 456(g). Its title was changed on June 19, 1951, from "Selective Service Act of 1948" to "Universal Military Training and Service Act". 65 Stat. 75, 50 U.S. C.A.Appendix, § 451(a).

director. However, the National Headquarters refused to take any action on defendant's request for further appeal. The defendant was ordered to report for induction on June 17, 1953. He reported but refused to submit to induction into the armed forces.

The ruling of the state appeal board, which accepted the recommendation of the Special Assistant Attorney General in denying defendant's claim for conscientious objector status, is based upon the following ground: Defendant, in answer to question 5 of "Special Form for Conscientious Objector", "under what circumstances, if any, do you believe in the use of force", stated "The only time that I will use force is when Jehovah God through his written word reveals to me that it is my duty and his will that force is to be used. This means theocratic warfare. I am not a pacifist. I am a servant of God."

■ Defendant contends that the I–A classification was arbitrary and capricious and without basis in fact. If not arbitrary and capricious, then the determination that he was not entitled to exemption is final. Estep v. United States, 1946, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567.

■ The burden is on the defendant to show clearly that he is within the exemption which he claims, but no more than that. United States v. Bender, 3 Cir., 1953, 206 F.2d 247. The undisputed evidence shows that defendant is a bona fide member of the Jehovah's Witnesses religious sect and that he is "by reason of religious training and belief, conscientiously opposed to participation in war in any form", and that he has conscientious objections which are based on his belief in a Supreme Being, whose authority, the authority of Jehovah, is superior to man made rules. This evidence stands unimpeached and uncontradicted on the record.

■ This Court is convinced that the appeal board, in accepting the recommendation of the Special Assistant Attorney General, was applying an erroneous standard in determining whether defendant was conscientiously opposed by religious belief to participation in war in any form. Since defendant approved of and apparently would participate in theocratic wars, the Special Assistant Attorney General concluded that defendant was not opposed to "participation in war in any form". Thus it is seen "war in any form" was construed to include theocratic wars. However, the Court does not believe that Congress intended such an unconscionable interpretation to be placed on this phrase. War, as the term is commonly used, is a conflict by force between two or more nations; it is a conflict of violence by one politically organized body seeking to overcome or overthrow another political entity. It is patent that Congress was legislating in regard to this type of struggle, and was not concerned with wars carried on by the command and direction of God, i. e., theocratic wars. Taffs v. United States, 8 Cir., 1953, 208 F.2d 329; United States v. Hartman, 2 Cir., 1954, 209 F.2d 366. See also United States v. Hagaman, 3 Cir., 213 F.2d 86. It is clear that Congress intended by this section to exempt from service in the armed forces those persons who were conscientiously opposed by reason of religious training and belief to any form of participation in a flesh-and-blood conflict between nations. Defendant's positive and uncontradicted statement was that he was conscientiously opposed to participation in war because he regarded his duties to Jehovah as being paramount to any duties arising out of human relationships. This evidence not being impeached, the test of the statute is met. Had there been a finding, or any evidence to show that his stated beliefs were spurious, the Court would have a different case before it.

■■ A careful perusal of the record compels this Court to conclude that the appeal board had no evidence before it to support the classification of defendant in Class I–A. Since there is no basis in fact for the I–A classification which was

finally given defendant, the order to report for induction was void. The order to report for induction being void, defendant was guilty of no offense in refusing to submit to induction. In my opinion the denial to defendant of the status of a conscientious objector was so arbitrary and capricious that it is the duty of the trial judge to grant defendant's motion for a judgment of acquittal. It is not necessary for the Court separately to inquire whether there is adequate basis in fact to support the denial of defendant's claim for exemption as a duly ordained minister.

Defendant's motion for a judgment of acquittal will be granted and an appropriate order will be filed herewith.