**UNITED STATES of America**

v.

**Robert Norman BIESIADA, Defendant.**

United States District Court
S. D. New York.

Nov. 18, 1965.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, for the Government, Paul K. Rooney, Asst. U. S. Atty., of counsel.

William Goffen, New York City, for defendant.

BONSAL, District Judge.

Defendant, having waived a jury, was tried by the court on November 8, 1965 on an indictment charging him with knowingly refusing to submit to induction into the Armed Forces of the United States pursuant to the Universal Military

Training and Service Act (50 Appendix, U.S.C. § 451 et seq.) in violation of 50 Appendix, U.S.C. § 462(a) and 32 C.F.R. § 1632.14.

Defendant was born on November 23, 1943. After his 18th birthday he registered with his draft board, Local Board No. 24 in Chicago, Illinois. He attended Knox College in Galesburg, Illinois for three academic years, the last ending in 1963.

On November 15, 1963 defendant's Local Board mailed to him a classification questionnaire, SSS Form No. 100. On that form, defendant signed a statement that he was conscientiously opposed to participation in war in any form and requesting that the Local Board furnish him a Special Form for Conscientious Objector (SSS Form No. 150). The Local Board apparently overlooked this request, for on January 21, 1964 it classified defendant as 1–A, the class of registrants eligible for immediate induction. The Board discovered its oversight the next day and mailed to the defendant SSS Form No. 150 (a duplicate was mailed on February 19).

Defendant filled out Form 150 and returned it to the Board, which received it on February 28, 1964. In it defendant discussed his belief in a Supreme Being, a God "transcendent of both physical reality and conceptual formulations." His faith was not connected with any established church but had personally evolved through his experience at college. With this form as well as defendant's other papers in its file for consideration, the Local Board again classified the defendant as 1–A on March 24, 1965 and mailed SSS Form No. 110 to him the following day notifying him of the classification and of his rights to personal appearance and appeal within ten days of the mailing.

The defendant made no request for personal appearance or appeal within this ten-day period. However, the Local Board forwarded defendant's file to the Illinois Headquarters in Springfield for review. The headquarters returned it

with a letter dated June 5, 1964 from Lt. Colonel F. B. Woodworth, Deputy State Director, recommending that defendant be ordered for physical examination in his regular turn and then processed for induction if found qualified.

In April and in June of 1964, current information questionnaires (SSS Form No. 127) were mailed to the defendant but neither one was returned. On July 10, 1964, defendant was ordered to report for a physical examination in Chicago, the place of examination being changed to New York at defendant's request. He appeared for examination in New York on September 24, 1964 and was found acceptable for induction.

On October 12, 1964 another current information questionnaire (SSS Form No. 127) was mailed to the defendant, which he answered and returned to the Board later that month. On May 17, 1965 the Local Board mailed defendant an Order to Report for Induction (SSS Form No. 252). Defendant requested that his place of induction be transferred from Chicago to New York, and on June 18, 1965 he received an Order for Transferred Man to Report for Induction (SSS Form No. 253) ordering him to report for induction in New York on July 1, 1965. This was superseded by a subsequent SSS Form No. 253 mailed on July 21, 1965 ordering defendant to report for induction on August 2, 1965.

On June 14, 1965, after he had received his first order to report for induction, defendant wrote a letter to Lt. Commander John Hammeck at the Illinois Headquarters of the Selective Service System requesting that his classification be reopened and his pending induction order be cancelled. He admitted that "this appeal comes at a very late time, * * *" He explained the nature of his belief and listed additional references. A reply from Lt. Colonel F. B. Woodworth was forwarded to defendant (at his address as shown in his letter of June 14) on June 21, 1965, stating that, "No basis has been found for intervention by this Headquarters in your case." This letter came back to the Headquar-

ters stamped by the post office "Addressee unknown" but later reached the defendant via the Local Board.

On August 2, 1965 defendant appeared at the induction station in New York as ordered, but refused to take "one step forward" when his name was called, thus signifying his refusal to be inducted. He made a statement to the inducting officer as to his reason for refusing induction. Defendant was subsequently reported as delinquent, and this prosecution followed.

Defendant argues that he was wrongfully denied classification as a conscientious objector and that, therefore, the order for him to report for induction was not valid. Defendant's claim is based upon 50 Appendix, U.S.C. § 456(j), which provides in part as follows:

"Nothing contained in this title [sections 451–454 and 455–471 of this Appendix] shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form.

\* \* \* \* \* \*

Any person claiming exemption from combatant training and service because of such conscientious objections shall, if such claim is not sustained by the local board, be entitled to an appeal to the appropriate appeal board. Upon the filing of such appeal, the appeal board shall refer any such claim to the Department of Justice for inquiry and hearing."

§ 460 provides:

"(b) The President is authorized—

(1) to prescribe the necessary rules and regulations to carry out the provisions of this title; \* \* \*."

The regulations of the President provide that a registrant may appeal a classification by his local board within ten days after the local board mails to the registrant a Notice of Classification (SSS Form No. 110), and that thereafter the local board may allow the registrant to appeal even though the ten-day period has expired at any time prior to the date the local board mails to the registrant an Order to Report for Induction (SSS Form No. 252).[1]

It is clear from the record that defendant in this case took no appeal from his 1–A classification prior to the time the Local Board mailed to him an Order to Report for Induction (SSS Form No. 252). His letter of June 14, 1965 to Lt. Commander Hammeck at the Illinois Headquarters was written 28 days after the Order to Report for Induction was mailed to defendant on May 17, 1965. Under the regulations it is clear that defendant had already lost his right to appeal by the time he mailed his letter to Lt. Commander Hammeck, in which he stated "this appeal comes at a very late time."

Defendant argues that notwithstanding any regulations limiting the time for appeal, § 456(j) requires that no person who is a conscientious objector be subject to combatant training and sets up an absolute right to a hearing on that question which cannot be limited by regulations. Defendant maintains that since no such

---

1. 32 C.F.R. § 1626.2 provides:
"(c) The registrant \* \* \* may take an appeal authorized under paragraph (a) of this section at any time within the following periods:
(1) Within 10 days after the date the local board mails to the registrant a Notice of Classification (SSS Form No. 110).
\* \* \* \* \*
(d) At any time prior to the date the local board mails to the registrant an

Order to Report for Induction (SSS Form No. 252), the local board may permit any person described in paragraph (c) of this section to appeal even though the period for taking an apeal has elapsed, if it is satisfied that the failure of such person to appeal within such period was due to a lack of understanding of the right to appeal or to some cause beyond the control of such person. \* \* \*"

hearing was granted to him, he could not lawfully be ordered for induction and must therefore be acquitted. In support of this contention defendant cites, United States v. Crawford, 119 F.Supp. 729 (N.D.Calif.1954); United States v. Underwood, 151 F.Supp. 874 (E.D.Pa. 1955); United States v. Clark, 105 F. Supp. 613 (W.D.Pa.1952). However, the Circuit Courts which have considered this question have upheld the regulations as a valid limitation on the right to claim classification as a conscientious objector. United States v. Porter, 314 F.2d 833 (7th Cir. 1963); Keene v. United States, 266 F.2d 378 (10th Cir. 1959); Wyman v. La Rose, 223 F.2d 849 (9th Cir. 1955); Feuer v. United States, 208 F.2d 719 (9th Cir. 1953). The reasoning behind these cases was well expressed by the court in Keene v. United States, supra, 266 F.2d at 383–384, where the court stated:

"It does not seem unreasonable or derogatory to the spirit and purpose of the exempting statute to provide by regulation that no request for reopening and reclassification shall be entertained after notice to report for induction is mailed. Othewise, the whole machinery of the selective service process may conceivably be disrupted by last minute changes in status for purposes of avoidance. Such is the manifest purpose of the proviso in Regulation 1625.2. We think the Regulations have application to a conscientious objector's claim as all other claims for a change in status. It seems also entirely consistent with the procedural safeguards provided in the selective service process to say that the circumstances relied upon to show a change in status must have occurred after the induction notice was mailed."

It is this court's view that the reasoning expressed in the Keene opinion is sound. Thus, since the defendant has failed to avail himself of the right to appeal afforded him by the Selective Service Regulations, this court may not review the decision of the Local Board.

■ Application for deferment as a conscientious objector is a privilege accorded by Congress. The burden is on the defendant to bring himself clearly within the exempted class pursuant to the Statute and the Regulations. United States v. Porter, supra; Keene v. United States, supra. The defendant has not met his burden. He failed to take his appeal within the prescribed time although he was fully apprised of his right to appeal when SSS Form No. 110 was mailed to him on March 25, 1965 following his 1–A classification by the Local Board. There is no evidence of arbitrary or capricious action on the part of the local board in classifying the defendant or on the part of the Illinois Headquarters in refusing to reopen defendant's classification. See Campbell v. United States, 221 F.2d 454 (4th Cir. 1955). The Local Board determined defendant's classification after receiving a full statement from him as to his religious beliefs. The defendant failed to avail himself of the administrative remedies open to him to obtain review of this classification. Under these circumstances, the court is powerless to substitute its judgment for that of the Local Board.

■ Defendant is charged under 50 Appendix, U.S.C. § 462(a) with knowingly refusing to submit to induction into the Armed Forces. Defendant admitted at the trial that he appeared at the Armed Forces Induction Station in New York on August 2, 1965 pursuant to an Order for Transferred Man to Report for Induction (SSS Form No. 253), and that he refused to step forward when his name was called. On this record, the court has no alternative but to find the defendant guilty.

The foregoing constitutes the court's Findings of Facts and Conclusions of Law.