**UNITED STATES of America, Plaintiff,**

v.

**Gregory Scott SCHNEIDER, Defendant.**

**No. 3-68 CR. 59.**

United States District Court
D. Minnesota,
Third Division.

Jan. 14, 1969.

Patrick J. Foley, U. S. Atty., by William E. Falvey, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

John F. Markert, St. Paul, Minn., for defendant.

NEVILLE, District Judge.

This case is presently before the court on a motion by the defendant to remand his Selective Service file to the State Director of Selective Service for his remand in turn to the defendant's Local Draft Board # 89, St. Paul, Minnesota. Defendant, having waived indictment, is currently under prosecution by information for an alleged violation of 50 U.S.C.Appendix Sec. 462. He is charged with having failed to perform a duty required of him under the Universal Military Training Act of 1967 and the rules, regulations and orders enacted pursuant thereto. Specifically the charge is failure to submit to induction after having been ordered to do so by his Local Board.

Defendant claims that he is entitled to classification as a conscientious ob-jector by virtue of his religious training and beliefs. He admits, however, that he did not ask his Local Board for such status or classification by way of a request for personal appearance and rehearing or by way of administrative appeal. Indeed he admits that he made no effort to get his classification of I–A reviewed until after the present criminal proceedings had been instituted against him and he had secured the assistance of counsel. Thus at least through the date on which the defendant was to be inducted, he had made no use of his administrative remedies.

The defendant claims that this failure was due to inadvertent misadvice he received from his father as to a registrant's legal right to a conscientious objector classification. While disclaiming any criticism of the Selective Service system proceedings, he requests the court "in the interests of justice" to make an order of remand as indicated above, so that his claim for exemption might now be considered.

The government is in opposition to the motion and stresses three points. First, the defendant had the same chance to request a personal appearance and/or appeal as every other registrant, but failed so to avail himself. Second, this court has no power to order the draft board to consider the defendant's ·classification anew. Third, to grant motions such as this would work hardship upon the Selective Service System since registrants might be requesting remands at all stages before and after refusal to submit and through and after their criminal trials.

This court is passing no judgment de novo on the merits either of defendant's claim for conscientious objector status or the wisdom of a hearing anew on the matter. The motion must be denied. 32 C.F.R. § 1625.3(a) upon which defendant relies as giving the court power to order a remand is not apposite. It requires the local board to reopen and reconsider a classification when requested to do so by the State or National Direc-

tor, but, in no manner, permits a court to order the State or National Director so to request. Thus even were the court to remand to the Director, he could validly refuse to remand to the Local Board. Indeed during the pendency of the present motion the court has received a courtesy copy of a letter sent to defense counsel by the Minnesota State Director, Col. Robert P. Knight in which he declines to exercise his discretionary authority under the above cited regulation. He refers to specific advice received from the General Counsel for the Selective Service System in Washington, D. C. This court does not believe it can order him to exercise this discretionary authority.

There is a second deterrent to granting the motion. Since a request by the State or National Director to the local board to reconsider automatically cancels the Order to Report for Induction, 32 C.F.R. § 1625.3(a) and 1625.14, the charges against defendant would become void since no violation would exist. The court would thus be indirectly dismissing the information or ordering the United States Attorney to drop the charges at this time. Even if the court felt it had such authority, and none has been cited, it would be very reluctant to interfere with the prosecutor's decision under the facts of this case.

The court is aware that a failure to obtain reconsideration of the classification at this point probably will preclude such opportunity at any point since at trial, judicial review is limited to the question of whether or not there was any basis in fact for defendant's classification and does not extend to the wisdom of that classification. However, to order reconsideration on the eve of trial, would permit registrants to seek similar relief during the judicial process rather than during the administrative process as contemplated by the regulations. This the courts generally decline to do, save in very exceptional circumstances. While this court is not persuaded that the mere possibility of inconvenience to the induction procedure is sufficient reason to deny defendants all legal rights to which they may be entitled by law and the interests of justice, here in the case at bar the court believes that no such denial has occurred. Were the erroneous advice upon which defendant claims to have relied to his detriment to have come from a member of the Selective Service System, defendant would have perhaps a stronger position. The court is persuaded that the recent cases on the issue preclude such a remand order as here requested. Palmer v. United States, 401 F.2d 226 (9th Cir. 1968); United States v. Kroll, 400 F.2d 923 (3rd Cir. 1968); Keene v. United States, 266 F.2d 378, 383–384 (10th Cir. 1959); United States v. Biesiada, 247 F.Supp. 599 (S.D.N.Y. 1965). In *Kroll* supra, the court in discussing the provision of 32 C.F.R. § 1625.2 prohibiting a local board from reopening and considering anew after issuance of an order to Report for Induction "unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control" stated:

"Although there is a difference of opinion among courts of appeal as to whether the belief of conscientious objection, if it arises after the notice of induction is sent, is the kind of change or event 'over which the registrant had no control,' we are aware of no appellate decision holding that if a registrant has had ample time to notify the board of his claim before the induction notice is sent, but has failed to do so, he is entitled to have his classification reopened under § 1625.2. Indeed, such a holding would be most anomalous since 32 C.F.R. § 1625.1(b) specifically requires a registrant to report to his local board 'within 10 days after it occurs * * * any fact that might result in the registrant being placed in a different classification.' " 400 F.2d at 925.

Again in *Palmer,* supra the court said: " * * * Classification functions of the local board cease with induction, and a registrant cannot, by refusing to submit to induction, impose upon the board any new duties respecting reclassification or reopening." 401 F.2d at 227–228.

A separate order has been entered.