**UNITED STATES v. DOMRES.**

No. 8513.

Circuit Court of Appeals, Seventh Circuit.

May 15, 1944.

Rehearing Denied June 6, 1944.

Anna Mae Davis, of Madison, Wis., for appellant.

Francis A. Murphy, of Madison, Wis., for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The defendant was indicted and convicted for failing to report for induction to his Selective Service Board at Wisconsin Rapids, Wisconsin, on September 21, 1943, as ordered by the Board.

The defendant registered July 1, 1941, stating that he was twenty-one years old. In his Selective Service questionnaire he stated that he had completed eight years of elementary school and gave his occupation as "helper on broke beater" in a paper mill. He then stated:

"I am a minister of religion. * * * I have been a minister of the Jehovah's Witnesses since I agreed to do the Will of God. I have been formally ordained. If so, my ordination was performed on see Isaiah 61:1, 2."

On August 28, 1941, the Board classified the defendant as a minister, IV-D, and granted him exemption. The defendant made his living at that time working in the paper mill, and in his spare time he called on people discussing his religion, distributing literature, and organizing Bible study classes. Thereafter, at the request of the State Coordinator of Selective Service, the Local Board reconsidered his case and on May 27, 1943, reclassified him as 1-A. He was notified of this reclassification. On June 7, 1943, he appealed to the Appeal

Board, and by unanimous vote the Appeal Board classified him 1-A. After his re-classification, he quit working in the paper mill and began devoting all of his time to his claimed ministerial duties.

On July 10, 1943, and again on September 8, 1943, the defendant was notified that he was then classified as 1-A. On September 11, 1943, the Board notified him by mail to report for his induction to his Board in Wisconsin Rapids on September 21, 1943, at 12:15 p. m. He was also notified to report for a final type physical examination at the same date, time, and place as required by the other notice. This was sent by the Board in anticipation that he might wish to claim that he was a conscientious objector. If he should have, the Board was prepared to accommodate him. However, he had never been classified as a conscientious objector. The defendant received the notices in ample time to have reported, but he did not report. On September 21, 1943, a notice of delinquency was sent to the defendant. To this he replied by a letter in which he took the position that he was a minister and that the Board had no right to reclassify him. He claimed that the Board had found and classified him once as a minister and that, as such, henceforth he was entitled to exemption.

The defendant was first indicted for failure to report for final-type physical examination. On motion of the Government, that indictment was quashed. The defendant was tried on another indictment which set out that he had registered on July 1, 1941, was subject to the jurisdiction of Local Board No. 1 for Wood County, Wisconsin Rapids, Wisconsin, was duly classified and was on September 11, 1943, ordered by the Board to report on September 21, 1943, at a certain time and place. It charged that he knowingly, wilfully, and intentionally failed and refused to report.

The defendant tested the sufficiency of the indictment by a motion to quash, which was overruled. At the conclusion of all of the evidence, he made a motion for a directed verdict, which the court overruled. The jury found the defendant guilty and the court pronounced judgment upon the verdict.

The defendant on this appeal contends that the Board had no jurisdiction to reclassify him as 1-A after having once classified him as a minister and exempted him as a minister, that the indictment was insufficient, the conduct of the court prejudicial, and that certain evidence was improperly excluded.

The Selective Service and Training Act provides under Section 5(d), 50 U.S.C.A. Appendix, § 305(d), that "Regular or duly ordained ministers of religion * * * shall be exempt from training and service (but not from registration) under this Act". The Act further provides in Section 10(a) (2), 50 U.S.C.A.Appendix, § 310(a) (2):

" * * * local boards, under rules and regulations prescribed by the President, shall have power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this Act of all individuals within the jurisdiction of such local boards. The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe. * * * "

Pursuant to the authority of the Act, the President, through appropriate agencies, has promulgated rules and regulations for the guidance of the Local Boards. Section 626.2(b) of the Regulations provides:

"At any time before the induction of a registrant the local board shall reopen and consider anew such registrant's classification upon the written request of the State Director of Selective Service or the Director of Selective Service."

The Clerk of the Local Board testified that the Board received instructions from the State Selective Service headquarters to reopen the cases of all who were classified as ministers and who were not devoting all of their time to their ministerial duties.

From these provisions of the statute and regulations, it is obvious that one who is a minister is exempt from service and training under the Act. Who is a minister is a determination which the statute places squarely upon the Local Board, and its decision shall be final, subject to appeal. That does not mean that the Local Board itself may not change its own decision; it means no one else can change the Local Board's decision, except as provided by the method of appeal. The statute and the rules and regulations of the Selective Service System provide for and contemplate that the findings and decisions of the Local

Board be subject to reconsideration. Congress was attempting to establish an effective, efficient means of supplying men for the armed services from among the eligible men of the country. "The mobilization system which Congress established by the Act is designed to operate as one continuous process for the selection of men for national service." Falbo v. United States, 320 U.S. 549, 552, 64 S.Ct. 346, 347, 88 L. Ed. ——.

■ We know of no limitation in the Act, and the defendant has cited none, upon the Board's right to reclassify the defendant. Limitations will not be supplied by implication to statutes enacted to carry on the war. Courts will not obstruct the clear and lawful purpose declared by Congress for the prosecution of the war. The Board had a duty to classify the defendant, just as it had a duty to classify other registrants as combatant or noncombatant conscientious objectors or as persons who are deferred because of dependents, physical defects, or essential occupations. Once the Board has classified a registrant, it does not lose its power to reconsider and reclassify him, even though the registrant may have been classified as a minister and because of such classification entitled to an exemption. The fact that he is, when classified as a minister, exempt, does not mean that his classification is determined for all time. Like any other registrant, his classification is subject to reconsideration. It is the duty of the Board to keep up the screening and sorting process of reclassification. No one has a vested right to remain in the classification in which he is once placed. The Board classified and then reclassified the defendant. This it had a right to do. The defendant took his appeal and lost. The action of the Local Board became final. Congress made it final. Courts may not review "the propriety of a board's classification in a criminal prosecution for wilful violation of an order directing a registrant to report for the last step in the selective process." Falbo v. United States, supra, 320 U.S. at page 554, 64 S.Ct. at page 349.

So, on September 11, 1943, when a notice was mailed to the defendant directing him to report for induction, his classification had been properly determined by the Board having jurisdiction over him. He knew what his classification was because he had taken an appeal, which had been denied. He admitted that he had received the notice to report for induction in ample time to report, and that he had refused to report because he was still insisting, as he insisted at the trial, that he was a minister. He would be the judge of his classification, although Congress had said that the decision rested with the Local Board, subject to review by appeal.

In United States v. Sauler and United States v. Paulos, 7 Cir., 139 F.2d 173, 174, we said:

"The point is that he cannot take the law into his own hands, refuse to report, and justify such refusal by an attack upon the action of the Board. When confronted in court with a refusal to report, only two questions are open: (1) Did he receive an induction notice? and (2) Did he fail to report as directed? In our judgment no testimony is admissible except that relevant to those questions."

■ Notwithstanding that the issues in the case at bar were narrowed down to the two questions which we set out in the Sauler-Paulos case, the defendant tried to introduce evidence on his qualifications as a minister and on other issues. The court excluded such evidence. This was not error.

■ Complaint is made of the alleged improper conduct of the trial judge. A defendant is entitled to be tried by an impartial and fair judge, who shall maintain his role of judge and not assume that of prosecutor. While the trial judge in this case took a lively interest in the trial, we do not think his conduct was prejudicial in view of the clear case of guilt proved. The statements of the defendant himself show his guilt. Furthermore, no attempt was made by the defendant to save any error as to the alleged prejudicial conduct of the judge. He was content to take his chances with the jury, and if matters did not turn out as he expected, to object afterwards. Such objections are of no avail.

■ The sufficiency of the indictment was challenged by a motion to quash, which was overruled. The indictment charges the offense in the substantial words of the statute and with absolute clarity as to the offense charged. The indictment was clearly good. United States v. Mroz, 7 Cir., 136 F.2d 221; United States v. Gormly, 7 Cir., 136 F.2d 227; United States v. Van Den Berg, 7 Cir., 139 F.2d 654; United States v. Messersmith, 7 Cir., 138 F.2d 599.

We find no error in the record, and the judgment is affirmed.