**Ex parte HANNIG.**

No. 31076.

United States District Court
N. D. California, S. D.

Aug. 5, 1952.

J. B. Tietz, Los Angeles, Cal., for petitioner.

Chauncey Tramutolo, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for Robert McClure, Commanding General, respondent.

OLIVER J. CARTER, District Judge.

Rosalie Irene Hannig, the wife of Jack Frederick Hannig seeks the release of her husband from the Army of the United States by a petition for a writ of habeas corpus. Jack Frederick Hannig is hereinafter referred to as "registrant." The petition alleges that registrant has been illegally inducted into military service and that he now serves in the Army against his will and consent.

In response to the petition, the court issued an order to show cause. To this order respondent, the government, has made a return, and as a part thereof has incorporated a certified copy of registrant's individual selective service file. The production of such a certified copy of registrant's file was requested by the petition. Therefore, the facts gathered from that source are uncontested, and are as follows:

Registrant registered with his local selective service board on September 18, 1948. He was initially classified I-D because of his membership in an organized unit of the California National Guard. On August 10, 1950 the National Guard Unit to which registrant belonged was ordered into active military service. Later during the month of August, 1950, registrant applied to the Commanding Officer of the Fortieth Division, National Guard, for a deferment from active duty. The Adjutant General of the State of California, on November 15, 1950, granted registrant an honorable discharge for reasons of "hardship."

Thereafter, on January 9, 1951 registrant was reclassified I-A by his local board. Registrant made a personal appearance before his local board on March 8, 1951 and presented his arguments as to why he should be classified other than as I-A, but the local board again classified him thus. Registrant took an appeal from this classification, and the Appeal Board, by a unanimous vote, approved his I-A classification.

Registrant, on March 19, 1951, submitted to the local board a letter from a physician stating that registrant was being treated by

him for hay fever of increasing severity, and that registrant was allergic to various danders, such as wool, feathers, cattle, and to house dust. At this time registrant also submitted an affidavit, executed and signed by both of his parents, to the effect that affiants were supported by registrant. The affidavit further stated that affiants had no source of income other than contributions made by registrant and that neither of affiants were capable of seeking employment because the mother was going through menopause and was over the age for employment, and because the father was convalescing from a nervous collapse and a stomach condition. The local board determined that this information did not justify reopening registrant's classification, and so notified him by letter. However, this information was sent to the Appeal Board and considered by it, together with further correspondence from registrant claiming entitlement to a III-A classification because of the dependency of his parents. All this preceded the Appeal Board's classification of registrant as I-A, which act occurred on May 2, 1951.

The local board on May 7, 1951 notified registrant that he was ordered to report for induction on May 18, 1951. On the day following such notification registrant appeared at the office of the local board and informed the clerk of the board that he was a member of an organized unit of the Army Reserve. He was then instructed to have his commanding officer submit to the local board a completed NME Form No. 44, certifying his membership in an organized unit of a reserve component of the armed forces. On May 16, 1951 the local board wrote registrant a letter stating that he must report for induction on May 18, as previously ordered. On May 17, 1951 registrant filed with the local board a completed NME Form 44, certifying that he had enlisted in the Army Reserve on May 14, 1951. The local board received the NME Form 44, but took no further action with respect to registrant, who was inducted into the Army on May 18, 1951.

■ The petition alleges that registrant has exhausted his administrative remedies, and this allegation is not contested by the government. Therefore, habeas corpus is the proper remedy to test the legality of his induction into the Army. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917.

■ The government contends that registrant is without right to a writ of habeas corpus because he has delayed too long after induction in asking for such relief. This question is not decided. Assuming that timely application for the writ has been made, the petition, considered with the return to the order to show cause, fails to state a cause for the granting of the writ.

■■ The scope of judicial inquiry in a habeas corpus proceeding which seeks the release of a selective service inductee from the armed forces is limited to the following three questions: (1) Did the local board which ordered the induction of the registrant have jurisdiction to act? (2) Was the registrant given a fair hearing? (3) Was there any evidence to support the order of induction? Eagles v. United States ex rel. Samuels, 329 U.S. 304, 311–312, 67 S.Ct. 313, 91 L.Ed. 308. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567; Eagles v. United States ex rel. Samuels, supra, 329 U.S. 317, 67 S.Ct. 320.

■■ The question of whether there is a basis in fact to support the classification given the registrant is a question of law to be decided by the judge from a consideration of the evidence which was before the selective service boards and upon which they acted. Cox v. United States, 332 U.S. 442, 453–454, 68 S.Ct. 115, 92 L.Ed. 59. Registrant's selective service file indicates that there was a basis in fact for his classification as I-A.

■ Selective Service Regulations (Section 622.5(a), 32 CFR 1622.5(a) require local boards to classify as I-A every registrant who is not eligible for classification in I-C and who has failed to establish to the satisfaction of the local board (subject to appeal) that he is eligible for an-

other classification. Registrant's only claim to a I-C classification arises from his enlistment in the Army Reserve on May 14, 1951. Registrant took this action after he had been ordered to report for induction. His local board was at that time powerless to reclassify him unless his status had changed because of circumstances over which he had no control. Section 625.2 of Selective Service Regulations, 32 CFR 1625.2; Ex parte Robert, D.C.N.D.Cal., 49 F.Supp. 131. Registrant's enlistment in the Army Reserve after notice to report for induction was a voluntary act and did not require his reclassification. It might be noted that eligibility for an I-C classification requires not only that the registrant be a member of a reserve component of the armed forces, but that he also be on active duty (exclusive of periods for training only). Section 622.6(d) of Selective Service Regulations, 32 CFR 1622.6(d). The petition does not allege that registrant was on active duty in the Army Reserve.

■ Registrant unsuccessfully attempted to establish his eligibility for classification as II-A (person whose employment in medical endeavors is found to be necessary to the maintenance of the national health) and as III-A (person whose induction into the armed forces would result in hardship and privation to a person dependent upon him for support). In registrant's file there is ample information to support the conclusion that he was not entitled to either a II-A or a III-A classification.

■ The petition alleges that registrant's file contains no evidence which contradicts the dependency affidavit executed by his parents. It is not required of a local board that it must believe such an affidavit. In view of the evasive tactics pursued by registrant, and which were apparent to the local board and the Appeal Board from the evidence in registrant's file, it is just as reasonable to infer that the affidavit was false as to infer that it was true. Furthermore, the affidavit, which is in the form of a printed questionnaire containing blanks to be filled in by affiants, indicates on its face that registrant had contributed nothing to the support of his parents within the twelve-month period preceding the date of execution.

■ There is nothing in the record to justify any contention that registrant was not given a fair hearing. Registrant was given the most complete hearing which is allowable under the statute and regulations. He had a personal appearance before his local board and had his classification reviewed on appeal. All evidence which he tendered was accepted and considered.

■ Registrant alleges that the members of the local board were prejudiced against him. But where a registrant takes an appeal from his local board and secures a classification from the Appeal Board, he no longer has grounds for complaint concerning the conduct of the local board. Cramer v. France, 9 Cir., 148 F.2d 801, 805.

The petition alleges that the local board sent to the Appeal Board an inaccurate and untrue transcript of his testimony at the personal appearance hearing. However, had the transcript read as the petition contends that it should have read, there would have been no material change in registrant's situation as considered by the Appeal Board from that transcript. All of the alleged falsities and omissions which the petition particularizes could not have placed registrant in such a light that it would have been arbitrary or unreasonable to classify him I-A.

■ It was not arbitrary or unreasonable on the part of either the local board or the Appeal Board to refuse registrant a classification as II-A or III-A. There was ample evidence before the boards to support a classification of I-A.

■ Counsel for registrant has by letter requested a stay of execution pending appeal. A district court is without authority to grant such a stay of execution, as it would be tantamount to an issuance of the writ. United States ex rel. Woodard v. Deahl, D.C.W.D.Ark., 60 F.Supp. 666.

Since the petition fails to state cause for issuance of a writ of habeas corpus, the order to show cause is discharged and the petition is dismissed.