## UNITED STATES v. SCHOEBEL.
### No. 10678.

United States Court of Appeals
Seventh Circuit.

Jan. 20, 1953.

James R. Mattison, Milwaukee, Wis., for appellant.

Timothy T. Cronin, U. S. Atty., Howard W. Hilgendorf and Ellis J. Hughes, Assts. to U. S. Atty., Milwaukee, Wis., for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from a judgment which adjudged the defendant guilty of failing to submit to induction into the armed forces, as required by the Universal Military Training and Service Act, 50 U.S.C.A.

Appendix, § 451 et seq. The trial was before the court.

Defendant filed his classification questionnaire on July 8, 1949, listing his employment as shoe worker and making no claim for deferment or exemption on religious or other ground. On July 12, 1949, defendant was classified 1–A by his draft board and notice of such classification was mailed to him on that date. On February 12, 1951, defendant was ordered to report for a physical examination, and he did so on February 20, 1951. At that time he did not make a claim for exemption or deferment. On March 5, 1951, notice of acceptability (Form 62) was mailed to him. On May 1, 1951, the draft board mailed defendant a notice to report for induction on May 14, 1951. On May 8, 1951, for the first time defendant made claim to the board that he was a conscientious objector. The board considered his claim, but by a vote of three to nothing refused to reopen his classification. On May 14, 1951, defendant reported for induction, as ordered, but refused to step forward and take the oath. Defendant admits he refused to be inducted.

Defendant claims that he was ordained a minister and baptized by Jehovah's Witnesses sometime in May, 1951; also that he gave up his job in the shoe factory which paid him $100 a week and is presently engaged in an occupation bringing in much less remuneration.

The principal error assigned on this appeal is that the draft board exceeded its powers in not reopening his case and granting him a hearing on his claim that he was a conscientious objector. More specifically defendant claims that the Universal Military Training and Service Act provided in Sec. 456(j) that a person who by reason of religious training and belief is conscientiously opposed to participation in war in any form shall not be subject to combatant training and services in the armed forces of this nation, and that, therefore, defendant cannot be legally inducted as he is a conscientious objector. Defendant argues that Congress did not see fit to limit the time when such conscientious objections could mature.

Apparently defendant's conscientious objections did not mature until after he had been ordered to report for induction, although he claims to have taken instructions in the doctrines advocated by Jehovah's Witnesses as early as 1944. If he did in fact have such conscientious objections or considered himself exempt as a minister, he did not communicate such claims to the draft board prior to May 8, 1951, which was eight days after the order to report for induction had been mailed to him.

Sec. 1622.1 of Selective Service Regulations provides, "It is the local board's responsibility to decide, subject to appeal, the class in which each registrant shall be placed. Each registrant will be considered as available for military service until his eligibility for deferment or exemption from military service is clearly established to the satisfaction of the local board. * * "

 The burden is upon a registrant to establish his eligibility for deferment or exemption to the satisfaction of the local board, and to file a timely claim therefor. Deferment being a privilege, it may be abandoned by the holder like any other personal privilege. United States v. Rubinstein, 2 Cir., 166 F.2d 249, 258, certiorari denied 333 U.S. 868, 68 S.Ct. 791, 92 L.Ed. 1146.

Defendant quotes Sec. 1625.2 of the Selective Service Regulations which provides that a local board may reopen the classification of a registrant (1) upon the written request of the registrant, the government appeal agent, or a person who claims to be a dependent, or (2) upon its own motion. However, in both instances the regulation provides, " * * * provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252), unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." On oral argument before this court defendant's counsel suggested that conscientious objections resulting from the promptings of a registrant's conscience

would be a change in status over which the registrant had no control. We cannot acquiesce in such a strained interpretation of the regulation. There was no other claim of a change in status. The board did not find any change in defendant's status, and therefore in failing to reopen defendant's classification it did not exceed its powers or act in an arbitrary manner.

Defendant also claimed error in that the district court did not receive into evidence certain letters which either the defendant or his attorney had written to the draft board after he had been ordered to report for induction. Also certain evidence was proffered to show the amount of time that defendant was spending in the work as a pioneer or as a minister of Jehovah's Witnesses at the time of the trial and for a period prior thereto. We hold that refusing such testimony was not error. United States ex rel. Hull v. Stalter, 7 Cir., 151 F.2d 633, 634; United States v. Domres, 7 Cir., 142 F.2d 477, 479.

The judgment of the district court is Affirmed.