**UNITED STATES v. CRAWFORD.**

No. 33742.

United States District Court,
N. D. California, S. D.

Feb. 5, 1954.

**730**

Lloyd H. Burke, U. S. Atty., Richard Foster, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Francis Heisler, Chicago, Ill., for defendant.

MURPHY, District Judge.

Defendant was indicted for violation of Sec. 12(a), Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 462(a), after having refused to submit to induction into the Armed Services pursuant to an order of his local draft board.

Defendant registered with his Selective Service Board on October 13, 1948 and was classified "1–A" on August 22, 1950. Thereafter, he was repeatedly deferred, first because he was a student and later because he enlisted in a component of the Active Military Reserve. On February 19, 1952, defendant was again classified "1–A" and on June 13, 1952, he received an "Order to Report for Induction" with a concurrent postponement of induction for one year. Thereafter, on April 14, 1953, defendant for the first time claimed that he was a conscientious objector and filled out the appropriate forms soon thereafter. The Board declined to reopen defendant's classification and the events giving rise to the indictment thereupon followed.

 It is clear that exemption from military service is not a constitutional right but merely a matter of legislative grace.[1] The statute, however, expressly provides that an individual claiming conscientious objection is entitled to have the character and good faith of his objections evaluated at a hearing before the local board and, if his claim is not sustained, by appeal to an appropriate appeal board and reference of the case to the Department of Justice for additional hearing.[2] Selective Service System Regulation 16252, on the basis of which the local board declined to reopen defendant's case, provides that "* * * the classification of a registrant shall not be reopened after the local board has mailed to the registrant an Order to Report for Induction (SSS Form No. 252), unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control".

 It being clear that a postponement of induction does not invalidate an outstanding Order of Induction,[3] the sole legal question before the Court is whether an executive regulation may circumvent the clear language of the statute. To pose the question is to answer it.[4] While Regulation 16252 is not invalid on its face, it can have no applicability to a claim of conscientious objection, whenever made, so as to deprive the objector of a hearing at which he may prove his good faith.

 No such hearing having been afforded defendant, the United States has not met the conditions precedent to a prosecution for draft evasion.

The defendant stands acquitted.

So ordered.

1. George v. United States, 9 Cir., 1952, 196 F.2d 445, certiorari denied, 344 U.S. 843, 73 S.Ct. 58, 97 L.Ed. 656.

2. Selective Service Act of 1948, § 6(j), as amended, Universal Military Training and Service Act, June 19, 1951, 65 Stat. 86, 50 U.S.C.A.Appendix, § 456(j).

3. Selective Service System Regulation 1632 (d).

4. See U. S. v. Clark, D.C.W.D.Penn.1952, 105 F.Supp. 613, 615.