**UNITED STATES of America**

v.

**Robert Allen UNDERWOOD.**

**Cr. No. 17246.**

United States District Court
E. D. Pennsylvania.

March 7, 1955.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for plaintiff.

Charles Crabbe Thomas, Camden, N. J., for defendant.

GANEY, District Judge.

Defendant was indicted on April 29, 1953, under § 12 of the Universal Military Training and Service Act of 1948, 62 Stat. 622, 50 U.S.C.A.Appendix, § 462, for failing and refusing to be inducted into the Armed Forces of the United States at the Induction Center, Philadelphia, Pa., in violation of the Act and the rules and regulations made pursuant thereto.

On July 24, 1950, defendant registered under the provisions of the Act with Local Board 35, Toms River, New Jersey. On December 29, 1950, he was classified I–A and duly notified. On or about October 31, 1951, he was found to be physically acceptable by the Armed Forces examining board. Thereafter an Order to Report for Induction was mailed to him on May 5, 1952. The induction date was later postponed until July 21, 1952, to enable him to complete his junior' year in high school. On the latter date he reported to the Induction Center but refused to be inducted. A few days thereafter Local Board 35 of Toms River received a letter from the Armed Forces Examining Station in Philadelphia stating that defendant refused to submit to induction on the ground that he is a member of Jehovah's Witnesses. This was the first time the local board knew of any claim as to defendant's professing to be a Jehovah's Witness or his possible stand as a conscientious objector.

Subsequently, on October 17, 1952, he inquired by letter to his local board as to whether it was permissible for him to fill in a conscientious objector application. His letter of January 20, 1953 to the board is as follows:

"Dear board members,

"I, Robert Underwood and a Witness of Jehovah God, am requesting a reconsideration of my classification. Being a Jehovah's Witness it would be contemptible and blasphemous to Almighty God if I were to engage in warfare, and so in complying with the laws of the land my only alternative is an appeal for I–O, Conscientious Objector.

"Due to a misunderstanding of the legal procedures I failed to record my appeal at the set time for such, but urgently request forgiveness. If you decide to grant my petition at this time it will be considered a great favor in my behalf.

"Supposing that you send me a Conscientious Objector's form, I will fill it out and return it by mail if satisfactory to you. Or upon your request I would gladly appear for interview.

"It is entirely up to you and I await your decision."

In the latter part of January he sent letters to the draft board requesting a change in his classification and for an interview. By letter dated February 4, 1953, the draft board replied that it had communicated with the proper authority[1] as to the advisability of reclassify-

---

1. The "proper authority" was the United States Attorney's Office in Newark, New Jersey.

ing him and that they would notify him when it received the information. In March and April he again sent letters to the draft board requesting a change in his classification and for a hearing. The draft board in a letter dated July 10, 1953, advised the defendant that it did not have authority to make the reclassification.

Regulation 1625.2, 32 CFR 1625.2, promulgated pursuant to the Act, entitled *"when registrant's classification may be reopened and considered anew,"* provides in pertinent part as follows: "The local board may reopen and consider anew the classification of a registrant (1) upon the written request of the registrant * * * or (2) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252), unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." The local board has not made a specific finding that there had been such a change in the defendant's status.

■ On the basis of this regulation, the Government contends that the local board, after having mailed the Order to Report for Induction to the defendant, acted within the law in not reopening his classification, regardless of the merits of his claim.

Regulation 1625.2 is clear. We believe § 6(j) of the Act, 50 U.S.C.A.Appendix, § 456(j), is equally clear. That section provides: "Nothing contained in this title shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form." It is plain that a person meeting the conditions of the above section of the Act is not to be subjected to combatant training and service. This privilege is not to be defeated by procedural regulations. Nowhere in the Act does it provide that unless the registrant makes his claim before notice of induction he thereafter waives his right to the privilege. Had Congress so intended, it would have set forth such intention in unmistakable terms. See United States ex rel. Hull v. Stalter, 7 Cir., 1945, 151 F.2d 633, 635; United States v. Clark, D.C.W.D.Pa.1952, 105 F.Supp. 613, 615. Although in both of the cited cases the claim of conscientious objector was made prior to the time notice for induction was sent, the reasons given in support of the holdings apply to the present criminal action. However in United States v. Crawford,[2] a case in which the registrant raised the claim of conscientious objector for the first time nine and a half months after he received an order to report for induction, District Judge Edward P. Murphy said: " * * * While regulation 1625.2 is not invalid on its face, it can have no applicability to a claim of conscientious objection, whenever made, so as to deprive the objector of a hearing at which he may prove his good faith.

"No such hearing having been afforded defendant, the United States has not met the conditions precedent to a prosecution for draft evasion."

■ We are aware of the burden upon a registrant to establish his eligibility for deferment or exemption to the satisfaction of the local board. See United States v. Scoebel, 7 Cir., 1953, 201 F.2d 31, 32. Nevertheless we think that the local board, when it received notice from the Armed Forces Examining Station of the reason of defendant's refusal to be inducted, should have sent notice to him at his registered address that it would grant him a hearing on the merits of his claim. If the notice of his refusal to be inducted should be considered in-

2. D.C.N.D.Cal.S.D., 119 F.Supp. 729, 730.

sufficient, certainly defendant's letters from October 17, 1952 to the month of April, 1953 made the board cognizant of his claim of conscientious objector and that he desired a hearing concerning that claim. District Judge Grim's instructions in United States v. Derstine,[3] are apropos here:

"Registrants are 'not thus to be treated as though they were engaged in formal litigation assisted by counsel'. United States ex rel. Berman v. Craig, [3 Cir., 1953] 207 F.2d [888] at page 891. Whenever a registrant in writing makes a request to a Local Board, no matter how ambiguously or unclearly the request is stated, if it indicates in any way a desire for a procedural right, the writing should be construed in favor of the registrant and the procedural right granted, or the registrant should be contacted by the Board to obtain clarification of what he had in mind when he made the request."

Accordingly, it is the verdict of this Court that the defendant, Robert Allen Underwood, is not guilty of the crime charged in the indictment.

3. D.C.E.D.Pa., 129 F.Supp. 117, 120.