**UNITED STATES of America**

v.

**Nelson Julius BROWN.**

**Cr. No. 240-54.**

United States District Court, D. New Jersey.

March 15, 1955.

Raymond Del Tufo, Jr., U. S. Atty., Albert G. Besser, Asst. U. S. Atty., Newark, N. J., for the United States.

Theodore Sager Meth, Newark, N. J., for defendant.

MEANEY, District Judge.

Defendant was indicted under Title 50 U.S.C.A.Appendix, § 462—Universal Military Training and Service Act—for knowingly failing and refusing to be inducted into the Armed Forces of the United States as so notified and ordered to do.

It appears that Brown was a registrant with Local Board No. 119 in Virginia, and on June 26, 1952 was reclassified I-A by that board. He had had a student deferment prior to that time. The board mailed a Notice of Classification (Form No. 110) to the defendant on June 27, 1952. An order to report for induction was sent on August 11, 1952. On August 18, 1952 Brown appeared at the office of Board No. 119 and revealed his claim of being a conscientious objector. Three days later he filed Form No. 150 (Special Form for Conscientious Objectors) with the board. On August 26, 1952 the board notified Brown that the information submitted by him was insufficient to warrant any reopening of his I-A classification. Brown was further advised that he would have to report for induction, as ordered, on August 28, 1952. Some time prior to August 28, 1952, defendant moved to New Jersey and requested that his file be transferred there. This was done and Brown again refused

to comply with the induction order on September 19, 1952. He was indicted for this refusal.

Brown waived trial by jury as provided by Rule 23(a) of Fed.Rules Crim. Proc., 18 U.S.C.A. He also stipulated that the Selective Service System file be considered in evidence, as well as his refusal to report for induction.

On December 7, 1954, trial was had in this court. The defendant took the stand and testified as to the foregoing facts. However, he claimed that all of the messages sent by the local board in Virginia subsequent to June, 1952 had to be forwarded to New Jersey where he maintains he was then residing. We do not find this important to our determination.

The counsel for the defendant at the conclusion of the case made a motion for entry of a judgment of acquittal. The court reserved decision. The following argument of law was made in support of the defense motion.

"I. It was the duty of the Local Board to reopen and consider anew the defendant's classification in view of the new and additional evidence filed with the Local Board, showing that defendant was a conscientious objector, and the failure to reopen, thereby providing for an appeal, was arbitrary and capricious. In the event that it is found that the Local Board did reopen the defendant's classification, the denial of the status of conscientious objector to the defendant was without basis in fact, arbitrary, capricious, and contrary to law.

"II. The filing of the Special Form of Conscientious Objector constituted basis for reopening defendant's classification, and the Local Board's refusal to reopen and reclassify the defendant was an abuse of discretion that nullified the Draft Board proceedings."

The issue with which the court is confronted involves the validity of the local board's refusal to reopen Brown's classification after he filed Special Form for Conscientious Objectors (Form 150) on August 21, 1952, which was subsequent to the time defendant had been ordered to report for induction. 32 C.F.R. § 1625.2, affects the situation here. This is the section which counsel agree is basically controlling and which was in effect at the time. It provides in part:

"§ 1625.2 *When registrant's classification may be reopened and considered anew.* The local board may reopen and consider anew the classification of a registrant (1) upon the written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (2) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form 252), *unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had control.*" (Emphasis supplied).

This section implicitly contains a direction to the board to examine the evidence submitted to it of change in the registrant's status. Otherwise it would be more or less meaningless. It is evident that the board did one of two things—either it failed to consider the applicant's request for change of classification to that of conscientious objector, or it failed to find sufficient reason therein to warrant such change. If the first be the fact, then the board acted arbitrarily and deprived the registrant of a right. If the second alternative was the one pursued, then the board acted arbitrarily in not reopening and considering the alleged change of status, since there

is nothing in the record to offset the statement alleged in the application for reclassification as a conscientious objector. Dickinson v. U. S., 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 64.

The Government's argument that by exposing himself voluntarily to the teachings of the Jehovah's Witnesses and then accepting them, a change in status resulted from circumstances over which Brown had control, and that he therefore would not be entitled to reopening and consideration of his classification, seems to this court to border on the naïve. One does not compel religious conviction, and the operations of the human mind are as mysterious as they are unpredictable in the acceptance or non-acceptance of belief.

In view of the foregoing, this court is of the opinion that a judgment of acquittal should be entered.

Let an order in conformity with this finding be submitted.