**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John B. TAYLOR, Defendant-Appellant.**

**No. 16022.**

United States Court of Appeals
Sixth Circuit.

Sept. 23, 1965.

Lawrence R. Lytle (Court Appointed), Cincinnati, Ohio, for appellant.

Robert J. Rotatori, Asst. U. S. Atty., Cleveland, Ohio, Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, on brief, for appellee.

Before MILLER, O'SULLIVAN and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

Defendant-appellant herein was indicted for failing to report for induction into the armed services of the United States after being ordered to do so by his local draft board. He was found guilty and sentenced to serve two years in the federal penitentiary.

The defense which appellant sought to advance at trial and seeks to rely on here was that his conduct was motivated by his adoption of the Islamic religion and that he notified his draft board of his desire to claim the status of conscientious objector as a result of the beliefs of his newly adopted faith.

Since we hold that the sequence of events herein is decisive as to this appeal, we recite the pertinent dates below:

*June 24, 1957*—Appellant joined the Marine Corps Reserve.

*October 10, 1958*—He registered with the Selective Service System, indicating Marine Corps Reserve status and marking the conscientious objector section "Does not apply."

*March 1, 1960*—Local Board 112, Akron, Ohio, classified him 1–D as a result of his Marine Corps Reserve status.

*Sometime in 1961*—Appellant asserts he became a convert to the religion of Islam (Black Muslim).

*Also in 1961*—Thereafter he asserts he asked his Marine Reserve sergeant and some unidentified officers how he could get out of the Marines and was told they did not know.

*Fall, 1961*—He then ceased to perform his Marine Corps Reserve obligations.

*November 1961*—The Marine Corps Reserve sent a letter to appellant's Local Board 112, notifying them that appellant was not fulfilling his Reserve obligation.

*November 27, 1961*—Local Board 112 then sent appellant a current information questionnaire.

*December 7, 1961*—This questionnaire was returned by appellant with the information that he was still in the Marine Corps Reserve and still lived at 450 Willow Street, Akron 7, Ohio.

*December 26, 1961*—Thereupon Local Board 112 sent a letter to appellant at the address given ordering him to report for induction on January 15, 1962.

*January 8, 1962*—Appellant then sent in a form (which he had procured at the Local Board December 29, 1961) seeking conscientious objector status.

*January 11, 1962*—The Local Board 112 then notified appellant that Section 262 of the Armed Forces Reserve Act of 1952, as amended, and the regulations thereunder, provided that anyone who failed satisfactorily to perform as a member of the Ready Reserve should be ordered to report for induction and ordered him to report for such induction on January 15, 1962—all this by letter addressed to appellant at 450 Willow Street, Akron 7, Ohio.[1]

*January 15, 1962*—Appellant did not report for induction, nor did he at any time thereafter either report or indicate a willingness to report for induction.

This recital of events makes it clear that appellant did not claim conscientious

---

1. Appellant denies receipt of this letter. The District Judge took testimony on this issue and we read his comments as a finding (supported by ample evidence) that appellant was then residing at the same address and did receive the letter.

objector status under 50 U.S.C. App. § 456(j) until 13 days after his notice of induction had been mailed to him. Selective Service System Regulation 1625.2 provides:

"When registrant's classification may be reopened and considered anew. The local board may reopen and consider anew the classification of a registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; * * * *provided* * * * *the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252), unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.*" (Emphasis supplied.) 32 C.F.R. § 1625.2.

The Board found no such change of status.

We believe we must regard appellant's position before us (in which he disputes the adequacy of the notice to report and claims a right to a hearing before Local Board 112) as at bottom an attack on the regulation just quoted.

The Court of Appeals for the Tenth Circuit has held this regulation to be reasonable within the spirit and purpose of the statute, 50 U.S.C. App. Section 460 (b), (c).

"Concededly, no one has a constitutional right to exemption from military service. It is a matter of legislative grace. * * *

"It does not seem unreasonable or derogatory to the spirit and purpose of the exempting statute to provide by regulation that no request for reopening and reclassification shall be entertained after notice to report for induction is mailed. Otherwise, the whole machinery of the selective service process may conceivably be disrupted by last minute changes in status for purposes of avoidance. Such is the manifest purpose of the proviso in Regulation 1625.2. We think the Regulations have application to a conscientious objector's claim as all other claims for a change in status. It seems also entirely consistent with the procedural safeguards provided in the selective service process to say that the circumstances relied upon to show a change in status must have occurred after the induction notice was mailed. * * * *" Keene v. United States, 266 F.2d 378, 383 (C.A.10, 1959).

Congress in the Universal Military Training and Service Act has specifically granted the President the power "to prescribe the necessary rules and regulations to carry out the provisions of this title." Title 50, App. § 460(b) (1).

While Regulation 1625.2 is generally applicable to all deferment requests, we view it particularly in the context of this case.

Generally, religious convictions of the nature of conscientious objection "to participation in war in any form" arise from deep and abiding beliefs held for a long period of time. Their assertion in the immediate aftermath of an induction notice would be no more persuasive than notice of such would be at a port of departure or on the eve of battle. As the Tenth Circuit has pointed out, religious "conversions" of convenience might well upset the orderly administration of the selective service system.

It seems reasonable to this court (and in accord with the great weight of authority) for regulations of the selective service system to provide that a claim of conscientious objector status must be made before the individual concerned has been notified to report for induction. United States v. Beaver, 309 F.2d 273 (C.A.4, 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963); United States v. Schoebel, 201 F.2d 31 (C.A.7, 1953); Boyd v. United

States, 269 F.2d 607 (C.A.9, 1959); United States v. Monroe, 150 F.Supp. 785 (S.D.Cal., 1957); United States v. Bonga, 201 F.Supp. 908 (E.D.Mich., 1962).

Affirmed.