**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Oliver Conrad ELLIS, aka Conrad Oliver Ellis, Defendant-Appellant.**

**No. 18762.**

United States Court of Appeals
Sixth Circuit.

Aug. 29, 1969.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellant Ellis was convicted of violating the draft act (50 U.S.C. App. §§ 451–473 (1964), as amended, (Supp. IV 1965–1968)) by refusing to take the required one step forward for induction into the armed forces. He had first applied for conscientious objector status on July 12, 1967, after he had received notice on July 5, 1967, to report for induction on July 27, 1967.

The District Judge in this case relied upon this court's opinion in United States v. Taylor, 351 F.2d 228 (6th Cir. 1965), where this court said:

"It seems reasonable to this court (and in accord with the great weight of authority) for regulations of the selective service system to provide that a claim of conscientious objector status must be made before the individual concerned has been notified to report for induction. United States v. Beaver, 309 F.2d 273 (C.A. 4, 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963); United States v. Schoebel, 201 F.2d 31 (C.A. 7, 1953); Boyd v. United States, 269 F.2d 607 (C.A. 9, 1959); United States v. Monroe, 150 F. Supp. 785 (S.D.Cal., 1957); United States v. Bonga, 201 F.Supp. 908 (E.D.Mich. 1962)." *Id.* at 230–231.

*See also* United States v. Jennison, 402 F.2d 51 (6th Cir. 1968), cert. denied, 394 U.S. 912, 89 S.Ct. 1024, 22 L.Ed.2d 225 (1969).

We dealt in *Taylor* with a claim of conscientious objector status which was asserted to have matured long *before* but was not filed until after the date of notice of induction.

The instant appeal was argued to us as if appellant's conscientious objector claim had matured *after* receipt of the induction notice. In this regard appellant relied upon United States v. Gearey, 368 F.2d 144 (2d Cir. 1966); 379 F.2d

Ed. M. Hurley, Memphis, Tenn., for appellant.

Henry L. Klein, Asst. U. S. Atty., Memphis, Tenn., for appellee. Thomas L. Robinson, U. S. Atty, Memphis, Tenn., on brief.

915 (2d Cir.), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368, rehearing denied, 389 U.S. 1010, 88 S.Ct. 561, 19 L.Ed.2d 611 (1967).

In *Gearey* the Second Circuit first remanded a draft act conviction for the District Court to determine whether or not the Local Board had considered the draftee's claim that his conscientious objector convictions had matured *after* receipt of the induction notice and then affirmed the conviction on the finding by the Local Board and the District Court that the draftee's claim was "insincere."

The District Judge in our instant case said on this point:

"[E]ven if we accepted *Gearey* as the law of this Circuit, defendant, on this record, still cannot [prevail]. We find no contention or even an indication in the conscientious objector application filed on July 12, 1967, that defendant had, subsequent to July 5, 1967, acquired his claimed religious convictions. Indeed, it indicates the contrary. There is no contention made in the application, as is made in defendant's memorandum, that defendant's religious convictions had crystal[ized] as a result of his marriage to his present wife, a member of Jehovah's Witnesses, in May, 1967. Moreover, the Local Board sent the file, with the application, to State Headquarters, which reviewed the file and recommended against reconsidering classification; and the Local Board, in its letter of July 17, 1967 to defendant, indicated that it had considered the matter and would grant defendant no relief. It said: 'Your file has been reviewed and no action was taken in your case.' We interpret this to mean that the Local Board had considered defendant's belated application and had determined that a basis for reopening defendant's classification had not been shown.

"We therefore find and conclude that the defendant is guilty as charged."

We have examined the Selective Service file and conclude that appellant's application for conscientious objector status offered no facts which tended to show that appellant's conscientious objector beliefs matured *after* receipt of his notice to report for induction. See United States v. Jennison, 402 F.2d 51 (6th Cir. 1968), cert. denied, 394 U.S. 912, 89 S.Ct. 1024, 22 L.Ed.2d 225 (1969).

The Local Board's letter to appellant concerning appellant's conscientious objector status application says:

"Tenn. Local Board No. 104

Selective Service System
767 Federal Office Bldg.
167 N. Main Street
Memphis, Tennessee 38103
         "July 17, 1967
                  "SSN: 40–104–45–412
"Oliver C. Ellis
1066 Craft Rd. #7
Memphis, Tenn. 38116
"Dear Sir:

"Your file has been reviewed and no action was taken in your case.

"You are to report for Induction as ordered on July 27, 1967.

        "FOR THE LOCAL BOARD
        "(Mrs) Mary B. Gibson, Clerk"

█ We believe that this letter (particularly when read in conjunction with the Local Board's correspondence with the State Director of Selective Service) indicates that the Board did review appellant's file and did reject reopening his classification on the ground of the absence of any facts showing any change of status "resulting from circumstances over which the registrant had no control." 32 C.F.R. § 1625.2 (1968).

█ Affirmed. United States v. Taylor, 351 F.2d 228 (6th Cir. 1960); United States v. Jennison, 402 F.2d 51 (6th Cir. 1968), cert. denied, 394 U.S. 912, 89 S.Ct. 1024, 22 L.Ed.2d 225 (1969).